754 F.2d 1496
 118 L.R.R.M. (BNA) 2993, 102 Lab.Cas. P 11,386,
103 Lab.Cas. P 11,499
 Richard HUNTER, Plaintiff-Appellant,
v.
NATIONAL MEDIATION BOARD, Robert Harris, International
Association of Machinists and Aerospace Workers,
AFL-CIO, Jet America Airlines, Inc.,
Defendants-Appellees.
Richard HUNTER, Plaintiff,
v.
NATIONAL MEDIATION BOARD, Robert Harris, International
Association of Machinists and Aerospace Workers,
AFL-CIO, Defendants-Appellees.
Jet America Airlines, Inc., Defendant-Appellant.
 Nos. 84-5748, 84-5754.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 4, 1985.
Decided March 5, 1985.
 
 Dennis W. Harwood, Newport Beach, Cal., Roger H. Schnapp, Rutan & Tucker, Costa Mesa, Cal., for plaintiff-appellant.
 Jesus E. Quinonez, Los Angeles, Cal., John C. Hoyle, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, WALLACE and REINHARDT, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Hunter appeals from a summary judgment upholding the National Mediation Board certification of a union to represent certain classes of employees at Jet America Airlines, Inc. Because the Board's final order was within its authority, we concur in the validity of the certification and affirm the district court.
 
 
 2
 The National Mediation Board (NMB) is authorized, under the Railway Labor Act, to investigate representation disputes and to certify individuals or organizations to be the chosen representatives of classes of employees in the railroad and airline industries. 45 U.S.C. Sec. 152 Ninth. The International Association of Machinists and Aerospace Workers, AFL-CIO (IAM) invoked the services of the NMB to determine who may represent the employees of appellant Jet America Airlines, Inc. After an investigation and an election, the NMB certified IAM as the representative of certain classes of Jet America employees, including appellant Richard Hunter.
 
 
 3
 Ten months after the IAM certification, Hunter wrote to the NMB alleging that most of the employees in his department, represented by the IAM, no longer wished to be represented by that union. The NMB refused to conduct an investigation before October 18, 1984, because NMB regulations impose a two-year ban on new applications for investigations, except in unusual circumstances. 29 C.F.R. Sec. 1206.4(a) (1984).
 
 
 4
 Hunter filed an action challenging the NMB refusal to investigate, alleging that it violated his First Amendment rights to free association. He also alleged that the NMB had acted unlawfully in investigating the original representation dispute, ordering an election and certifying IAM as the representative of his class of Jet America employees.
 
 
 5
 Hunter alleged that the earlier NMB action had violated three provisions of the Railway Labor Act relating to: vacancies on the Board, 45 U.S.C. Sec. 154 First; the quorum necessary for the NMB to conduct business, 45 U.S.C. Sec. 154 First; and delegation of NMB authority, 45 U.S.C. Sec. 154 Fourth. On cross-motions for summary judgment, the district court ruled in favor of the NMB.
 
 
 6
 The NMB was established as a three-member board. During the pendency of the Jet America employees' dispute, however, the NMB was reduced to a single member because of vacancies in two NMB member positions. On June 1, 1982, with one member position vacant, and anticipating a resignation which would reduce the NMB to a single member, Board members Brown and Harris issued an order delegating to Harris the authority "to exercise without further authorization all official actions whatsoever on behalf of the [NMB] under the Railway Labor Act or any other authority [until such time as] the taking of office of a new Board Member or upon revocation by Board Member Robert J. Brown." See Railroad Yardmasters v. Harris, 721 F.2d 1332, 1335 (D.C.Cir.1983). Such a delegation is authorized by 45 U.S.C. Sec. 154 Fourth.
 
 
 7
 Immediately after the filing of this order, NMB member Brown resigned his position. The delegation to Harris remained in effect from June 1 until October 12, 1982, during which time he took more than 300 official actions. Included was an investigation of the asserted dispute over representation of Jet America employees. Six days after a second NMB member had been appointed and the delegation order had expired, the NMB certified IAM as the employees' representative.
 
 
 8
 At issue in this case is the ability of the NMB to perform its statutory functions when vacancies in the Board reduce it to fewer than two members. A factually similar case arose in the D.C. Circuit in 1983, in which the court upheld the same delegation of authority to NMB member Harris. Railroad Yardmasters, 721 F.2d 1335-36. An important difference between Yardmasters and the present dispute is that the final certification in Yardmasters was made by the single member of the NMB. Here the final certification was done by a two-member Board, although NMB member Harris acted alone in all the preliminary work. Like the appellant in Yardmasters, Hunter challenges both the preliminary investigation and the final certification of the employee representative. Under his delegated authority, Board member Harris certified this dispute, designated the class of affected employees and called an election for an employee representative. The NMB is afforded statutory discretion to "utilize any ... appropriate method" to conduct these preliminary investigations, leading to a certification of an employee representative. 45 U.S.C. Sec. 152 Ninth.
 
 
 9
 NMB's statutory mandate is to investigate representation disputes and to certify designated employee representatives. 45 U.S.C. Sec. 152 Ninth. The details and procedures by which the NMB investigates a representational dispute leading to an official certification of a representative are committed largely to NMB discretion. Russell v. NMB, 714 F.2d 1332, 1338-39 (5th Cir.1983), (and cases cited therein), cert. denied, --- U.S. ----, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984); see Switchmen's Union v. NMB, 320 U.S. 297, 302, 64 S.Ct. 95, 97, 88 L.Ed. 61 (1943).
 
 
 10
 While Russell recognized two possible exceptions to the general rule that NMB investigatory procedures are unreviewable, 714 F.2d at 1339, neither apply here. Hunter has not made a substantial showing that the final NMB action was unconstitutional. Id., quoting United States v. Feaster, 410 F.2d 1354, 1366 (5th Cir.), cert. denied, 396 U.S. 962, 90 S.Ct. 427, 24 L.Ed.2d 426 (1969). Nor has Hunter shown that the certification of IAM egregiously violated a specific prohibition of the Railway Labor Act or was made in excess of delegated powers. Russell, 714 F.2d at 1339-40, quoting Feaster, 410 F.2d at 1367.
 
 
 11
 Courts will not interfere with agency actions which are not yet final. See Bell v. New Jersey and Pennsylvania, 461 U.S. 773, 103 S.Ct. 2187, 2191, 76 L.Ed.2d 312 (1983); F.T.C. v. Standard Oil Co., 449 U.S. 232, 239-43, 101 S.Ct. 488, 493-94, 66 L.Ed.2d 416 (1980). The only final action which is properly reviewable is the certification of IAM. Because the final certification of IAM as the employee representative was validly made by a quorum of the Board, we need not examine the preliminary actions taken by Board member Harris. See Yardmasters, 721 F.2d at 1341-44.[1]
 
 
 12
 Hunter also argues that even if the NMB had authority to certify IAM as the employee representative, it unconstitutionally refused to consider his application to reopen the investigation.
 
 
 13
 NMB regulations require the Board to refuse an application for an investigation if filed within two years of a certification, except in unusual circumstances. 29 C.F.R. Sec. 1206.4(a).
 
 
 14
 The NMB regulation is consistent with time bars used by the National Labor Relations Board and the Federal Labor Relations Authority. See, e.g., NLRB v. Circle A & W Products Co., 647 F.2d 924, 926 (9th Cir.), cert. denied, 454 U.S. 1054, 102 S.Ct. 600, 70 L.Ed.2d 590 (1981) (NLRB); 5 C.F.R. Sec. 2422.3(d), (e) (1984) (FLRA). It is designed to maintain the status quo long enough for NMB to investigate a dispute and to stabilize labor representation. As such, the regulation is consistent with the statutory purpose of the Railway Labor Act, 45 U.S.C. Sec. 151a. The rule must be upheld under an equal protection challenge if it serves a legitimate government purpose and it is rationally related to that purpose. Vance v. Bradley, 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171 (1979).
 
 
 15
 Because it is beyond doubt that the two-year bar is rationally related to the government's interest in quieting labor disputes, see 45 U.S.C. Sec. 151a, appellant's constitutional challenge must fail.
 
 
 16
 Affirmed.
 
 
 
 [1]
 Unlike the Yardmasters court we do not need to reach the question of the limits of NMB authority to delegate powers in the event of Board vacancies. We adopt the rationale of Yardmasters only insofar as necessary for our conclusion that interim actions by Board member Harris did not affect the ultimate validity of NMB certification. See Yardmasters, 721 F.2d at 1341-42